129 F.3d 120
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hatem A. TOLBA, Defendant-Appellant.
 No. 97-1284.
 United States Court of Appeals, Seventh Circuit.
 Oct. 2, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, No. 2:95 CR 108; Rudy Lozano, Judge.
 Before ESCHBACH, EASTERBROOK and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Because the district court did not clearly err in its sentencing determinations under U.S.S.G. §§ 3E1.1 and 3C1.1, see United States v. House, 110 F.3d 1281, 1283 (7th Cir.1997), we affirmed the district court's judgment from the bench.
 
 
 2
 Pursuant to a written plea agreement, Hatem A. Tolba pleaded guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 for filing false student loan applications. During Tolba's presentence interview, he stated that he received therapy for his depression, but could not name the psychologist or therapist who treated him. The probation officer then suggested that Tolba get a letter from a therapist or doctor which might support a downward departure at sentencing. Tolba provided a letter on what appeared to be the letterhead of Dr. Steven M. Stahl, which stated that Tolba had received counseling. The probation officer noted that the letter was not signed, and faxed the letter to the doctor requesting a signature. Dr. Stahl handwrote on the letter: "This is an error or a forgery. I never saw this patient and did not write this letter." Two months later, Dr. Stahl sent another letter to the probation officer reiterating that the faxed letter was a forgery as evidenced by the improper letterhead and misidentified medical organization. Tolba denied falsifying information and an official investigation ensued. Tolba then stated that he did not notice who had written the letter and admitted that he never saw Dr. Stahl while at the research center, but had seen graduate students, suggesting that a student had written the letter.
 
 
 3
 First, Tolba contends that the district court erred in enhancing his sentence under § 3C1.1 because he did not willfully provide a fraudulent letter to his probation officer. Section 3C1.1, Obstructing or Impeding the Administration of Justice, and Application Note 3(c), lists incidences constituting obstruction of justice including, "producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding." Application Note 3(h) defines obstructing justice as "providing materially false information to a probation officer in respect to a presentence or other investigation for the court." Not only is there substantial evidence that supports the district court's finding that the letter was forged, but the district court found Tolba's testimony not credible, which "can virtually never be clear error." United States v. Hickok, 77 F.3d 992, 1007 (7th Cir.1996) (citations omitted). In sum, Tolba's forgery is exactly the type of action § 3C1.1, Application Notes 3(c), (h) contemplate.
 
 
 4
 Second, Tolba contends that the district court clearly erred when it failed to reduce his sentence under § 3E1.1 for acceptance of responsibility. Section 3E1.1, Application Note 4 states:
 
 
 5
 Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 apply.
 
 
 6
 The "extraordinary case" exception is narrow, and is used in cases such as a constitutional challenge to a statute underlying a charged offense. United States v. Jones, 983 F.2d 1425, 1434 (7th Cir.1993). Tolba fails to argue why his case is extraordinary and indeed, it is not.
 
 
 7
 AFFIRMED.